UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62503-CIV-COHN/SELTZER

HILDA ESPINOSA,

    Plaintiff,

vs.

BURGER KING CORPORATION,

    Defendant.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO TAX COSTS

**THIS CAUSE** is before the Court upon Defendant's Motion for Bill of Costs [DE 34] and supporting Memorandum [DE 35] (together, "Motion"). Plaintiff has not responded to the Motion by the extended deadline of October 26, 2012.[1] Nevertheless, the Court has carefully reviewed the Motion and the record in this case and is otherwise fully advised in the premises.

Defendant Burger King Corporation moves to tax costs against Plaintiff Hilda Espinosa following this Court's entry of summary judgment in favor of Defendant. See 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1); S.D. Fla. L.R. 7.3(c). The requested costs total $2,153.20 and include charges for Plaintiff's deposition, service of trial subpoenas, and witness fees.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—

---

[1] The Court previously denied Plaintiff's motion to stay a decision on costs pending her appeal of the Court's Order granting summary judgment to Defendant. See DE 40. However, the Court granted Plaintiff an additional week to file a substantive response to Defendant's Motion. See id.

should be allowed to the prevailing party." A prevailing party's recoverable costs are listed in 28 U.S.C. § 1920.[2] Here, because Defendant was granted summary judgment on all of Plaintiff's claims, Defendant is the prevailing party and is entitled to recover taxable costs as allowed by section 1920.

Defendant first seeks recovery of $1,608.20 in costs associated with Plaintiff's deposition. See DE 34-1 at 1. Section 1920 permits taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Court finds that Plaintiff's deposition, which Defendant used in support of its motion for summary judgment, was necessarily obtained for use in the case. Thus, the $1,242.70 cost of Plaintiff's deposition transcript is taxable. See EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions." (internal quotation marks omitted)). The Court also finds that the court-reporter attendance fee of $315.00 is reasonable and therefore recoverable under section 1920. See Chacon v. El Milagro Care Ctr., Inc., No. 07-22835-CIV, 2010 WL 3023833, at *7 (S.D. Fla. July 29, 2010) (awarding prevailing parties $270.00 for court-reporter appearance fees). However, the Court concludes that the $50.50 charge for photocopies of deposition exhibits is not taxable because Defendant has not shown that

---

[2] Section 1920 provides that the following costs are taxable: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and distributions for printing and witnesses; (4) fees for exemplification and copies of materials necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. See 28 U.S.C. § 1920.

these copies were necessary rather than merely convenient.[3]  See Davis v. United States, 2010 WL 3835613, at *4-*5 (S.D. Fla. Sept. 7, 2010); Univ. of Miami v. Intuitive Surgical, Inc., 2007 WL 781912, at *1 & n.3 (S.D. Fla. Mar. 13, 2007).  Based on these findings, Defendant may tax a total of $1,557.70 in deposition costs against Plaintiff.

Defendant also seeks reimbursement of $365.00 for serving trial subpoenas on six witnesses.  See DE 34-1 at 2-7.  "[P]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921."  W&O, Inc., 213 F.3d at 624.  Due to the Court's summary-judgment ruling, the witnesses served with subpoenas ultimately were not required to testify at trial.  Nonetheless, it was reasonable for Defendant to secure their appearances in advance of trial through subpoenas.  Further, with one exception, the service charges do not exceed $55.00, the standard hourly rate that the U.S. Marshals Service charges for serving a document.  See 28 U.S.C. § 1921(b); 28 C.F.R. § 0.114(a)(3); W&O, Inc., 213 F.3d at 624.  While Defendant incurred a $110.00 fee for serving witness Carmen Deliz, this charge appears justified because the process server was required to visit two addresses in different cities.  See DE 34-1 at 5.  The Court therefore finds that the $365.00 total cost of serving the trial subpoenas is taxable.

Last, Defendant seeks to recover $180.00 in witness fees paid to four of the potential trial witnesses.  See DE 34-1 at 8-11.  Although § 1920(3) generally permits taxation of witness fees, another statute limits a witness's attendance fee to $40.00 per day.  See 28 U.S.C. § 1821(b).  The Court may not exceed this amount since "[n]othing over the statutory amount is recoverable."  Goodwin Bros. Leasing, Inc. v. Citizens

---

[3] Defendant does not seek to recover the $30.00 charge for "LITIGATION SUPPORT CD/ASCII/MINI" or the $8.00 fee for courier delivery, recognizing that these costs are not taxable.

3

Bank, 587 F.2d 730, 735 (5th Cir. 1979).[4]  Because the witness fees sought by Defendant exceed the statutory limit by a total of $20.00, the Court awards Defendant the reduced amount of $160.00.  See id. ("The witness fee must be reduced by the amount that it exceeds the statutory maximum.").

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Bill of Costs [DE 34] is **GRANTED IN PART and DENIED IN PART**.  Defendant Burger King Corporation shall recover $2,082.70 in costs from Plaintiff Hilda Espinosa.  The Court will enter a separate final judgment regarding these costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of October, 2012.

_____
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF

*Pro se* parties via CM/ECF mail

---

[4]  Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit.  See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).